UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD F. STICKNEY, III, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:24-cv-00448-SDN |
| | ) | |
| AMANDA HALL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff has joined more than fifty defendants in this action in which he seeks to obtain relief based on the circumstances related to a state civil commitment proceeding. (Complaint, ECF No. 1.) Upon review of Plaintiff's complaint, I recommend the Court dismiss the matter for lack of jurisdiction.

### DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). That is, issues of subject matter jurisdiction "can be raised sua sponte at any time"

because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005).

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) and discussing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). In general, "the proper forum for challenging an unlawful state court ruling" is the state appellate system followed by a petition for review by the United States Supreme Court. *Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257.

Here, as evidenced by Plaintiff's contention that the state court lacked jurisdiction to proceed with the involuntary committee proceeding (Complaint at 12), and by Plaintiff's request for a stay of this matter until after the state court rules on his anticipated motion for relief from judgment in accordance with Maine Rule of Civil Procedure 60(b), the gravamen of Plaintiff's complaint involves his challenge to the state court's ultimate decision to grant the request for Plaintiff's involuntary commitment. In other words, Plaintiff's complaint "is effectively or substantively an appeal from a state court's judgment" over which matter the Court lacks jurisdiction. *Badillo-Santiago v. Naveira-Merly*, 378 F.3d 1, 6 (1st Cir. 2004).

Even if Plaintiff's complaint is construed to assert a claim not governed by the *Rooker-Feldman* doctrine, Plaintiff cannot proceed on his claim. "Courts have the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if they determine that the action is frivolous." *Thomas v. Carter*, 581 F. Supp.3d 651, 654 (S.D.N.Y. 2022) (citing *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2nd Cir. 2000)). As one court explained:

> Because [Plaintiff] is neither a prisoner nor proceeding in forma pauperis in district court, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A, permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable. However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.

*Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (internal citations omitted); *see also*, *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed.R.Civ.P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"); *Rutledge v. Skibicki*, 844 F.2d 792 (9th Cir. 1988) ("The district court may sua sponte dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous"); *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (suggesting that dismissal for lack of jurisdiction may be warranted for complaints such as "bizarre conspiracy theories," "fantastic government manipulations of their will or mind," or "supernatural intervention").

A court's expeditious sua sponte review is based on the longstanding doctrine that federal subject matter jurisdiction is lacking when the federal issues are not substantial. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (jurisdiction is lacking when claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," "no longer open to discussion," "essentially fictitious," or "obviously without merit"); *Swan v. United States*, 36 F. App'x 459 (1st Cir. 2002) ("A frivolous constitutional issue does not raise a federal question, however").[1] Plaintiff's allegation of a vast conspiracy among police, judicial officers, an attorney, and medical providers at multiple facilities, (Complaint at 25), for example, can be fairly characterized as the type of allegations that the Court need not credit. *See Frazier v. Southwoods State Prison*, 2006 WL 1044451, at *2 (D.N.J. Apr. 17, 2006) (summarizing types of allegations that courts dismiss as factually frivolous, including allegations of vast government conspiracies).

Furthermore, relevant to this case, the Supreme Court has explained:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove

---

[1] Although the doctrine has been criticized for conflating jurisdiction over a claim with the merits of that claim, *see e.g.*, *Rosado v. Wyman*, 397 U.S. 397, 404 (1970) (the maxim is "more ancient than analytically sound"); *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946) (regarding "wholly insubstantial and frivolous" claims, "[t]he accuracy of calling these dismissals jurisdictional has been questioned"), the doctrine nevertheless remains good law. *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988) ("Although most of the Court's statements of the principle have been dicta rather than holdings, and the principle has been questioned, it is an established principle of federal jurisdiction and remains the federal rule. It is the basis of a large number of lower-court decisions, and at this late date only the Supreme Court can change it") (internal quotations and citations omitted); *see also*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (approving of the doctrine); *Cruz v. House of Representatives*, 301 F. Supp. 3d 75, 77 (D.D.C. 2018) (applying the concept to dismiss obviously meritless claims).

> that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Section 1983 claims that would necessarily imply the invalidity of judgments resulting from civil commitment proceedings are also subject to the *Heck* bar. *See Donaghe v. Gollogly*, 59 F. App'x 991 (9th Cir. 2003); *Banda v. New Jersey*, 134 F. App'x 529, 530 (3d Cir. 2005); *Heath v. Hanks*, 433 F. Supp. 3d 221, 226–27 (D.N.H. 2019); *Phelps v. Sabol*, No. CIV.A.07-40147-GAO, 2008 WL 824258, at *2 (D. Mass. Mar. 27, 2008).

The First Circuit has held that the *Heck* bar can be considered at any time in the federal proceeding because it represents a jurisdictional barrier. *O'Brien v. Town of Bellingham*, 943 F.3d 514, 529 (1st Cir. 2019). Many of Plaintiff's allegations, therefore, are insufficient to state a claim within the Court's subject matter jurisdiction. For example, Plaintiff contests the decisions of a law enforcement officer and contends that certain individuals failed to adhere strictly to certain deadlines for temporary confinement and that those procedural defects are actionable (and rendered void the subsequent commitment proceeding). Any of Plaintiff's federal claims related to the pre-commitment conduct which might be capable of surviving the *Rooker-Feldman* doctrine would lack merit as the

5

law does not recognize the claims under § 1983 given that Plaintiff evidently has not invalidated his civil commitment in state court or through a federal habeas proceeding.[2]

Finally, any claims under § 1983 against Plaintiff's former attorney and the many private healthcare practitioners and entities would be frivolous because they are not state actors. *See Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4–9 (1st Cir. 2005); *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 256 (1st Cir. 1994). The state court judge and court clerk are protected by absolute judicial immunity.[3] *See Butz v. Economou*, 438 U.S. 478, 512 (1978). The municipal defendants are not subject to suit because Plaintiff does not allege a violation of official policy or practice. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). In addition, Plaintiff's assertions regarding the remaining local or state government defendants consist of conclusory allegations and formulaic recitations of the elements and are not actionable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Because the Court lacks jurisdiction over Plaintiff's federal claims, an exercise of supplemental jurisdiction over any state law claims would not be appropriate. *See Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general

---

[2] The circuit courts do not all agree as to whether the failure to satisfy *Heck*'s favorable termination requirement results in a dismissal for lack of subject-matter jurisdiction or is better characterized some other way, such as a failure to state a claim due to the failure to satisfy an implied element of a § 1983 claim. *See, e.g.*, *Colvin v. LeBlanc*, 2 F.4th 494, 499 n.20 (5th Cir. 2021); *Garrett v. Murphy*, 17 F.4th 419, 427–29 (3d Cir. 2021). While the distinction might be important in some circumstances, it is not relevant here because the "jurisdictional" nature of the factual frivolous inquiry does not depend on such a distinction. Regardless of how the issue is characterized, the Court can dismiss an insubstantial federal claim.

[3] Where a defendant is "clearly entitled to immunity," the claim lacks an arguable or rational basis in law and is thus frivolous. *Hamilton v. Simpson*, 38 Fed. App'x 255, 256 (6th Cir. 2002).

principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims"). Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of January, 2025.