UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RICHARD F. STICKNEY, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:24-cv-00448-SDN |
| | ) |
| AMANDA HALL, MHRT-CSD, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

On December 20, 2024, Plaintiff Richard F. Stickney, III, proceeding pro se, filed a complaint seeking relief related to a state civil commitment proceeding (ECF No. 1). After preliminary review of Mr. Stickney's complaint, the Magistrate Judge recommended I dismiss the complaint for lack of jurisdiction (ECF No. 4). Mr. Stickney timely objected to the Magistrate Judge's recommended decision, requesting this Court issue a stay of this matter during the pendency of related state court proceedings, or alternatively for leave to amend his complaint (ECF No. 5). I granted Mr. Stickney's request for leave to amend his complaint, ordering him to amend his complaint to allege actionable claims within this Court's jurisdiction within fourteen days of my order (ECF No. 9). Because I granted Mr. Stickney leave to amend his complaint, I overruled as moot the Magistrate Judge's recommended decision, (ECF No. 9), because Mr. Stickney's amendments could have cured the jurisdictional deficiencies identified by the Magistrate Judge, obviating the need for me to rule on the recommendation to dismiss his complaint. Mr. Stickney now "objects" to my order because I did not rule on his substantive objections to the recommended decision and did not provide him with guidance on how to amend his complaint (ECF No. 10). Mr. Stickney filed a "Declaration of Intent Not to Amend and

1

Notice of Preserved Objections" stating that he does not intend to file an amended complaint because he "remains uncertain as to the grounds on which amendment is now expected or required," (ECF No. 11 at 1), despite his own request for leave to file an amended complaint with specific proposed areas on which to focus his amendments (*see* ECF No. 5 at 5–6). He also filed a "Motion to Compel Ruling on Request for Stay and Equitable Tolling," seeking a ruling on his earlier request to stay this matter pending resolution of related state court litigation (ECF No. 12). Construing Mr. Stickney's filings liberally, as I must, *see, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), I treat Mr. Stickney's "objections" and "Motion to Compel Ruling on Request for Stay and Equitable Tolling" as a motion to reconsider my order granting Mr. Stickney's request for leave to amend his complaint and instead rule on his request for a stay of these proceedings. I now DENY Mr. Stickney's request for a stay and equitable tolling and grant Mr. Stickney an additional two weeks to amend his complaint.

Mr. Stickney argues a stay of these proceedings is appropriate pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007). ECF No. 5 at 4. In *Wallace*, the Supreme Court held that in actions brought under 42 U.S.C. § 1983 for false arrest, the statute of limitations begins to run as soon as the claimant is held pursuant to legal process. *Wallace*, 549 U.S. at 389–90. The *Wallace* court gave the following guidance to district courts: "If a plaintiff files a false-arrest claim *before he has been convicted* . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393–94 (emphasis added). *Wallace* does not support Mr. Stickney's argument because the civil commitment he challenges has already happened. *See* ECF No. 1 at 7, 14 (alleging Mr. Stickney's involuntary commitment began on December 21, 2018, and ended on March 5, 2019). The *Wallace*

2

Court was concerned with the absurd results that would flow from requiring a false arrest claimant to wait for an anticipated future conviction related to the false arrest to occur and be invalidated before the claimant could sue. *Wallace*, 549 U.S. at 393. That concern, that courts would have to speculate about a future conviction that may never come to fruition, is not implicated here where Mr. Stickney was already subject to involuntary commitment. Even though Mr. Stickney continues to seek to invalidate that involuntary commitment in state court after the fact by filing a still-pending post-judgment motion, (*see* ECF No. 8 at 1), all the facts related to his involuntary commitment already exist. As such, I do not have to speculate about whether Mr. Stickney will be involuntarily committed in the future to adjudicate his claims. *Wallace* is inapposite and does not require a stay of proceedings in this matter.

I do not agree with Mr. Stickney that staying this matter indefinitely, before notice and service of process has even been issued to the Defendants, promotes the values of judicial efficiency and fairness. As Mr. Stickney recognizes, the events giving rise to his claims happened over six years ago. Should Mr. Stickney amend his complaint to allege cognizable claims, Defendants should not be further prejudiced by the delay of an indefinite stay when, already, the events occurred almost seven years ago. Because "trial judges must work a complicated equation, balancing fairness to the parties with the need to manage crowded dockets[,]" *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 79 (1st Cir. 2004) (quoting *Macaulay v. Anas,* 321 F.3d 45, 51 (1st Cir. 2003)), the Court has broad discretion to control its docket, *see id*. at 77. The Court has in interest in moving cases along and is within its discretion to deny a motion to stay to that end, particularly when the requested stay is indefinite. *See id*. at 79.

Mr. Stickney also requests "equitable tolling of applicable deadlines." ECF No. 12 at 2. "'[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Neves v. Holder*, 613 F.3d 30, 36 (1st Cir. 2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Mr. Stickney has not carried that burden. Neither his objections to the Magistrate Judge's recommended decision nor any of his filings after my order granting him leave to amend his complaint contain any argument as to why equitable tolling should apply in this case. *See* ECF Nos. 5, 10, 11, 12.

As to Mr. Stickney's objection that I did not provide him guidance on how to amend his complaint, *see* ECF No. 10 at 1, although I must construe his pleadings liberally, I may not do his work for him, *see Murray v. Walmart Stores Inc.*, No. 2:15-CV-00484, 2019 WL 6689900, at *5 (D. Me. Dec. 6, 2019) (Judges must "avoid becoming the lawyer for the unrepresented plaintiff or devoting an excessive portion of their time to such cases.") (citation omitted). This is Mr. Stickney's case. Not only do I lack the knowledge to help him plead facts, doing so is appropriately well beyond my role as a neutral arbiter of claims.

In the spirit of leniency afforded to pro se litigants, I will grant Mr. Stickney an additional two weeks' leave from the date of this order to file an amended complaint. If Mr. Stickney does not file an amended complaint, I will dismiss his case for lack of prosecution. Mr. Stickney's filings at ECF No. 10, 11, and 12 are DENIED in all other respects to the extent he seeks relief from the Court.

**SO ORDERED.**

Dated this 25th day of September, 2025.

                                                /s/ Stacey D. Neumann
                                                **UNITED STATES DISTRICT JUDGE**