UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RICHARD F. STICKNEY, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:24-cv-00448-SDN |
| | ) |
| AMANDA HALL, MHRT-CSD, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DISMISSING COMPLAINT

Plaintiff Richard F. Stickney, III, brings this action pro se, alleging violations of his constitutional rights in connection with a state civil commitment proceeding. ECF No. 1. For the following reasons, Mr. Stickney's complaint is DISSMISSED.

### I.   Background

I note at the outset that Mr. Stickney is self-represented, and, as such, I will construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reiterating that courts must construe documents filed by pro se litigants liberally). On December 20, 2024, Mr. Stickney joined more than fifty defendants in a suit seeking relief for alleged harms resulting from a state civil commitment proceeding. ECF No. 1. The Court referred Mr. Stickney's complaint to the Magistrate Judge for preliminary review, following which the Magistrate Judge recommended I dismiss the complaint for lack of jurisdiction. ECF No. 4 ("Recommended Decision"). Mr. Stickney timely objected to the Magistrate Judge's Recommended Decision. ECF No. 5. He requested this Court stay the matter pending resolution of related state court litigation, or, alternatively, for leave to amend his complaint. *Id.* at 15. On June 10, 2025, I granted Mr. Stickney's request for leave to amend his complaint, ordering him to assert actionable claims within this Court's

1

jurisdiction within fourteen days. ECF No. 9 ("June 10 Order"). Because Mr. Stickney's amendments could have cured the jurisdictional defects identified by the Magistrate Judge, thereby alleviating the need for me to rule on the recommendation for dismissal, the June 10 Order also overruled as moot the Magistrate Judge's Recommended Decision. *Id*.

Fourteen days later, Mr. Stickney "objected" to my June 10 Order on the grounds that I did not rule on his substantive objections to the Recommended Decision and did not provide him with guidance on how to amend his complaint. ECF No. 10. Additionally, Mr. Stickney filed a "Declaration of Intent Not to Amend and Notice of Preserved Objections," in which he stated his intent not to amend the original complaint, *see* ECF No. 11, and a "Motion to Compel Ruling on Request for Stay and Equitable Tolling," in which he sought ruling on his earlier request to stay the matter during the pendency of related state court proceedings, *see* ECF No. 12. Consistent with the leniency afforded to pro se litigants, I treated Mr. Stickney's "objections" and "Motion to Compel Ruling on Request for Stay and Equitable Tolling" as both a motion to reconsider my June 10 Order affording him leave to amend his complaint and request to rule on his demand for a stay. ECF No. 13 at 2. While I denied his request for a stay and equitable tolling, I granted Mr. Stickney an additional two weeks to amend his complaint and notified him that failure to do so would result in dismissal for lack of prosecution. *Id*. Two weeks later, Mr. Stickney filed an "Objections and Declaration" that listed his myriad objections to the Court's handling of his case and reiterated his refusal to amend the original complaint. *See* ECF No. 14.

## II. Discussion

### A. Role of the Magistrate Judge

I begin with Mr. Stickney's objection to the role of the Magistrate Judge in this matter. Mr. Stickney deems the Magistrate Judge's Recommended Decision as "improper." ECF No. 14 at 1. Mr. Stickney contends that since he is neither incarcerated nor proceeding in forma pauperis, "[n]o motion or statutory authority authorized screening [of his complaint] under 28 U.S.C. § 1915." *Id.* Thus, he argues, all subsequent orders stemming from the flawed recommendation were issued in error. *Id.* Mr. Stickney's analysis is misguided. Magistrate judges have the authority to make recommended decisions for a variety of matters, including in the instant case. *See* 28 U.S.C. § 636; *see, e.g.*, *McLeod, Alexander, Powel & Apffel v. Quarles*, 925 F.2d 853, 856 (5th Cir. 1991) (discussing the authority of magistrate judges and stating that they have the power "to propose to the district court findings of fact and to recommend a disposition of the matter"). And while Mr. Stickney mischaracterizes the Recommended Decision as a section 1915 review, the Magistrate Judge explicitly declared the statue inapplicable for the same reasons Mr. Stickney identified, instead resting the recommendation for dismissal on the Court's inherent authority to sua sponte dismiss a frivolous action. ECF No. 4 at 3; *cf. Plourde v. Maine*, No. 1:20-cv-00137, 2020 WL 2600969, at *1 (D. Me. May 21, 2020), *aff'd*, No. 20-1610, 2021 WL 2659060 (1st Cir. Feb. 23, 2021) (dismissing frivolous pro se complaint sua sponte pursuant to court's inherent authority and not section 1915).

### B. De Novo Review of Recommended Decision

Mr. Stickney next objects to the Court's subsequent handling of the Magistrate Judge's Recommended Decision. ECF No. 14 at 2. He argues that even if the

3

Recommended Decision "had been properly issued," Mr. Stickney's timely objection mandated I review de novo the specific portions of the Recommended Decision to which he properly objected. *Id*. Instead, I mooted the Recommended Decision and afforded Mr. Stickney the opportunity, *per his request*,[1] to amend and resubmit his complaint. *See* ECF No. 9. He refused to file an amended complaint, choosing to "stand[] on the original complaint as filed." ECF No. 14 at 2. Mr. Stickney did not abide by my orders, ECF Nos. 9, 13, and refused to amend his complaint, ECF Nos. 11, 14. The matter should end there. Nonetheless, because Mr. Stickney is pro se and because the result is the same, I have reviewed the Recommended Decision in light of the record and made a de novo determination concurring with the Magistrate Judge's recommendations for the reasons set forth below.

When considering whether a complaint states a claim for which relief may be granted, the Court must assume the truth of all well-pleaded factual allegations and give the plaintiff the benefit of all reasonable inferences. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032, 2019 WL 5764661, at *2

---

[1] In his objection to the Magistrate Judge's Recommended Decision, Mr. Stickney specifically requested "leave to amend the Complaint to address any deficiencies identified by the Court" and "to ensure that it is framed in accordance with the guidance provided in *Heck*, *Dotson*, and other controlling precedent." ECF No. 5 at 15. To the extent that Mr. Stickney's objections to the Recommended Decision discussed the Magistrate Judge's application of the *Heck* bar, *see* ECF No. 4 at 4–5, they were within the confines of amending the complaint and his request for a stay; the former never occurred and the latter I considered and disposed of previously. *See* ECF No. 13 at 2–3. Accordingly, I will not consider the *Heck* bar here.

(D. Me. Nov. 5, 2019) (quoting *Erickson*, 551 U.S. at 94). Even so, "a plaintiff cannot rest a jurisdictional basis merely on unsupported conclusions or interpretations of law." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quotation modified). "To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy." *Giguere v. Maine*, No. 1:19-cv-00008, 2019 WL 1179391, at *1 (D. Me. Mar. 13, 2019) (internal citation omitted).

"[A] federal court is under an unflagging duty to ensure that it has jurisdiction over the subject matter of the cases it proposes to adjudicate." *Am. Policyholders Ins. Co. v. Nyacol Prods., Inc.*, 989 F.2d 1256, 1258 (1st Cir. 1993). That is why subject matter jurisdiction "can be raised sua sponte at any time." *McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005). Derived from this principle is the inherent power of courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (internal citation omitted), which includes the power to sua sponte dismiss frivolous actions. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989); *Plourde*, 2020 WL 2600969, at *1; *Budnick v. Doe*, No. 14-1560, 2015 WL 13928988, at *1 (1st Cir. Jan. 6, 2015) (upholding a district court's dismissal of a complaint "based on [the court's] inherent authority to dismiss frivolous . . . actions"). "[F]rivolous does not refer to the subjective intent of a plaintiff." *Porter v. City of Framingham*, No. 24-40007-DHH, 2024 WL 6064406, at *2 (D. Mass. Jan. 25, 2024) (quotation modified). Rather, a complaint is frivolous if it "lacks an arguable basis in either law or fact." *Id*. (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In his Recommended Decision, the Magistrate Judge concluded that the *Rooker-Feldman* doctrine deprives the Court of jurisdiction because "the gravamen of [Mr. Stickney's] complaint involves his challenge to the state court's ultimate decision to grant the request for [his] involuntary commitment." ECF No. 4 at 2. Mr. Stickney argues that *Rooker-Feldman* does not apply because he is asserting constitutional violations that "focus on procedural failures and due process violations" both before and after the state court's final judgment. ECF No. 5 at 6–7.[2] But Mr. Stickney's conclusory and unsupported challenge to his civil commitment fits well within the confines of *Rooker-Feldman* because he "challenges the validity of decisions of the state court and the consequences of the decisions." *Giguere*, 2019 WL 1179391, at *2. "To grant [Mr. Stickney] the relief [he] seeks, the Court would have to vacate or invalidate a series of state court judgments." *Id*. Accordingly, the *Rooker-Feldman* doctrine bars Mr. Stickney's claims, and the Magistrate Judge did not err by recommending dismissal on that basis.

To the extent that the *Rooker-Feldman* doctrine does not bar Mr. Stickney's claims, they fail for other reasons. First, Mr. Stickney's objections to the Recommended Decision on the grounds that he "adequately pled conspiracy under [42 U.S.C.] § 1983 and § 1985" and neither *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), nor *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to his conspiracy claims are unavailing. ECF No. 5 at 7.

---

[2] Mr. Stickney makes an additional argument against the application of the *Rooker-Feldman* doctrine that is related to his request for a stay. ECF No. 5 at 1–5. I addressed Mr. Stickney's objections concerning the stay in an earlier order, *see* ECF No. 13 at 2–3, and need not rehash them here.

*Twombly*'s pleading standard, as articulated in and incorporated by *Iqbal*, was an interpretation of Federal Rule of Civil Procedure 8 and applies to "all civil actions." *See Iqbal*, 556 U.S. at 684. And while a pro se litigant's filings are held to a less stringent standard, *see Waterman*, 2019 WL 5764661, at *2, Mr. Stickney's "pro se status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*" and the "allegations must meet the *Twombly* standard of plausibility," *Johnson v. Infirmary Health Sys., Inc.*, CIV.A. No. 13-0431-WS-M, 2013 WL 6062587, at *2 (S.D. Ala. Nov. 18, 2013) (quotation modified). As the Magistrate Judge observed, and my de novo review confirms, Mr. Stickney's "allegation of a vast conspiracy among police, judicial officers, an attorney, and medical providers at multiple facilities, for example, can be fairly characterized as the type of allegations that the Court need not credit." ECF No. 4 at 4 (internal citation omitted); *see Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (holding that "claims describing fantastic or delusional scenarios" are subject to dismissal for frivolity) (quoting *Neitzke*, 490 U.S. at 328); *Williams v. U.S. Dep't of Just.*, 689 F. App'x. 645, 646 (D.C. Cir. 2017) (per curiam) (affirming dismissal for frivolity of complaint alleging "a vast government conspiracy").

Mr. Stickney's remaining objections to the Recommended Decision concern the sufficiency of his pleading state action, *Monell* liability, and lack of immunity for various individuals involved in the civil commitment process. Mr. Stickney's claims pursuant to section 1983 fail because many of the named defendants are not state actors. *See Dominic v. Goldman*, Civil No. 21-cv-148-LM, 2021 WL 2953184, at *6 (D.N.H. July 14, 2021) ("Speculation about what might have occurred and general allegations of conspiracy or joint action with a state actor without supporting allegations of specific underlying facts are insufficient to establish that a private party acted under color of state law.").

Regarding *Monell*, Mr. Stickney does not allege facts plausibly showing that the state civil commitment proceeding purported violations were the result of a custom, policy, or practice. *See Monnell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). With narrow exceptions not applicable here, judges and court clerks have absolute immunity from suit. *See Giguere*, 2019 WL 1179391, at *2 (D. Me. Mar. 13, 2019); *Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980). And as to the remaining state or local defendants, Mr. Stickney has not adequately alleged facts sufficient to assert a claim. *See Iqbal*, 556 U.S. at 678–79.

Finally, as the Recommended Decision correctly concluded, because Mr. Stickney's federal claims are subject to dismissal, I decline to exercise supplemental jurisdiction over any state law claims. *Plourde*, 2020 WL 2600969, at *2; *see* 28 U.S.C. § 1367(c)(3) (permitting a district court to decline supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"). As such, even when liberally construed, this Court lacks subject matter jurisdiction over Mr. Stickney's complaint.

### C. Other Objections

For completeness, I will now address Mr. Stickney's remaining objections, which largely concern the judicial administration of his case, as found in his "Objections and Declaration." *See* ECF No. 14. Mr. Stickney begins with a "general objection to [the Court's] handling" of his case as "inconsistent with the Rules of Federal Procedure." *Id.* at 1. However, he does not specify which rules of federal procedure the Court offends, nor does he provide examples of the actions that purportedly violated those rules.

Mr. Stickney also objects to my recharacterizing his "prior filings as a motion to amend" because "no such motion was made or intended." ECF No. 14 at 2. In support of this objection, he cites to *Castro v. United States*, 540 U.S. 375 (2003). *Id. Castro*,

8

however, does not support Mr. Stickney's argument; the case narrowly concerned federal courts recharacterizing 28 U.S.C. § 2255 habeas petitions without notice and does not stand for the proposition that judicial recharacterization of any motion by a pro se litigant is per se improper. *See Castro*, 540 U.S. at 377, 381–82. In fact, the *Castro* Court recognized that federal courts may recharacterize a pro se litigant's motion "to avoid an unnecessary dismissal," "to avoid inappropriately stringent application of formal labeling requirements," or "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Id*. Given my duty of liberal construction, I "ignore[d] the legal label that [Mr. Stickney] attache[d] to [his filings]" and recharacterized them as motions to amend. *Id*. at 381; *see, e.g.*, *Roussel v. Mayo*, No. 1:22-cv-00285, 2023 WL 1100308, at *1 (D. Me. Jan. 30, 2023) (noting that the plaintiff's "objection [to the Magistrate Judge's Recommended Decision] included a request to amend [their] complaint" and this Court "recharacterized in part [the plaintiff's] objection as a motion to amend complaint" and "ordered [the plaintiff] to file a proposed amended complaint"); *Johnson v. Epps*, 479 F. App'x 583, 587 (5th Cir. 2012) ("In previous decisions and when justice so required, we have held that filings such as . . . an opposition to a magistrate judge's report and recommendation should have been construed by the district court as motions to amend the complaint."). Regardless of whether Mr. Stickney agrees with the impetus for the orders to amend, he was repeatedly warned of his complaint's inadequacies and instructed multiple times to amend the complaint to state a claim within this Court's subject matter jurisdiction—he refused to comply.

Mr. Stickney further objects to my denial of his requested stay, which, liberally construed, serves as a motion for reconsideration of my denial. However, because I

dispose of this case on jurisdictional grounds, I need not address Mr. Stickney's motion for reconsideration of my denial of stay, which is mooted by this Order. *See In re Doughty*, No. 1:25-cv-00400, 2025 WL 2418668, at *3 (D. Me. Aug. 21, 2025) ("Because the Court agrees with the Magistrate Judge that it lacks jurisdiction over [the] case, it also affirms the Magistrate Judge's recommendation that the Court dismiss all other pending matters on this docket as moot.").

Finally, Mr. Stickney expresses "objection[s] regarding delay." ECF No. 14 at 3. He characterizes "[a]ny delay" as "aris[ing] from the Court's own actions and pending rulings" and "not from neglect or abandonment" on his part. *Id*. Mr. Stickney protests dismissal for "want of prosecution"[3] as "contrary to [Federal Rule of Civil Procedure] 41(b)." *Id*. But it is Mr. Stickney's contention that is contrary to Rule 41(b), the text of which expressly grants courts the discretion to dismiss an action for a plaintiff's failure to comply with the court's order. Fed. R. Civ. P 41(b) ("If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."); *Blomquist v. Cloutier N.P.*, No. 2:16-cv-00337, 2017 WL 1393793, at *1 (D. Me. Mar. 30, 2017), *report and recommendation adopted sub nom. Bloomquist v. Cloutier*, No. 2:16-cv-337, 2017 WL 1389457 (D. Me. Apr. 18, 2017) ("Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also sua sponte dismiss a complaint under Rule 41(b) for failure to comply with a court order.") (quoting *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp. 3d 118, 126 (D.D.C. 2015)). I twice ordered Mr. Stickney to amend his complaint, and twice he refused. Further, I instructed him that failure to file an amended complaint would result in dismissal; he did not heed my

---

[3] In addition to my first order instructing Mr. Stickney to amend his complaint, I granted him an additional two weeks leave to file an amended complaint and notified Mr. Stickney that if he "does not file an amended complaint, I will dismiss his case for lack of prosecution." ECF No. 15 at 4.

10

warning. Thus, dismissal with prejudice is warranted under Rule 41(b). *See Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) (finding that disobeying court orders is extreme misconduct justifying dismissal); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal [under Rule 41(b)] is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); Fed. R. Civ. P. 41(b) (unless the court provides otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits"); *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (upholding the dismissal of a pro se plaintiff's complaint with prejudice for failure to amend his complaint).

### III.   Conclusion

For the foregoing reasons and those already well explained in the Magistrate Judge's Recommended Decision, ECF No. 4, as well as my earlier order, ECF No. 13, Petitioner's objections, ECF Nos. 5, 10, 14, are **OVERRULED**. The Recommended Decision is **ADOPTED** and **AFFIRMED**. Accordingly, Mr. Stickney's complaint is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated this 19th day of November, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**